Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| EL PUBELO DE PUERTO RICO<br><br>Parte Recurrida<br>v.<br><br>VALERY E. CUETO GONZALEZ<br><br>Parte Peticionaria | TA2026CE00606 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: D MG2025M0164<br><br>Sobre: INF. ART. 279 CP |
|---|---|---|

Panel integrado por su presidente el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de junio de 2026.

El 13 de mayo de 2026, la señora Valery E. Cueto González (la señora Cueto González o la peticionaria) presentó ante nos una *Petición de Certiorari* en la que solicitó que expidamos el auto de *certiorari* en aras de revocar la *Minuta Resolución Enmendada* emitida y notificada el 14 de abril de 2026 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario).[1]

En el aludido dictamen, el foro primario determinó que las partes deben cumplir con los deberes éticos durante el descubrimiento de prueba. Ello, ante las alegaciones de la peticionaria que no se le ha provisto evidencia sobre los fundamentos para la expedición de una orden de registro y allanamiento pese a que el Pueblo de Puerto Rico (el Ministerio Público o la parte recurrida) no ha podido cumplir con dicha orden.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

---

[1] Apéndice de la *Petición de Certiorari*, Anejo I.

## I.

El caso de epígrafe tuvo su origen cuando el 7 de noviembre de 2025, el Ministerio Público instó una *Denuncia* en la que alegó que, el 24 de junio de 2025 y el 25 de junio de 2025, la peticionaria no compareció al Instituto de Ciencias Forenses para la toma de muestra de un colector bucal y cabello y, por tanto, incumplió una orden de Registro y Allanamiento.[2] Consecuentemente, solicitó que el TPI determinara causa probable para citar a la señora Cueto González por violentar el Art. 279 (b) del *Código Penal de Puerto Rico,* 33 LPRA sec. 5372 (Código Penal).

Ese mismo día, el TPI encontró causa probable contra la señora Cueto González por infringir el Art. 279 (b) del Código Penal *supra* sec. 5372.

Tras diversos incidentes procesales, según la peticionaria, el 25 de noviembre de 2025, la peticionaria radicó una *Moción de descubrimiento de prueba* en la que solicitó al TPI que ordenara al Ministerio Público que le proveyera la información relacionada a los fundamentos que dieron lugar a la expedición de la Orden de Registro y Allanamiento.[3]

El 11 de diciembre de 2025, el Ministerio Público presentó una *Moción en contestación a solicitud de descubrimiento de prueba al amparo de la Regla 95 de las de Procedimiento Criminal* en la que informó la entrega de diversos documentos solicitados por la señora Cueto González.[4] Empero, objetó cierta información por falta de pertinencia. Por otro lado, alegó que cierta documentación no surge del sumario fiscal. Igualmente, solicitó que, el foro primario ordenara la entrega de los documentos o prueba que utilice en el juicio en su fondo.

---

[2] *Íd.*, Anejo II.
[3] *Íd.*, Anejo IV.
[4] *Íd.*, Anejo V.

El 9 de enero de 2026, el foro primario emitió una *Minuta* en la que surge que, inició la celebración del juicio en su fondo en la que la peticionaria alegó que, estaban violentado su derecho a intimidad toda vez que, el Ministerio Público no había fundamentado los motivos y evidencia para ocupar el material genético de la señora Cueto González.[5] La parte recurrida argumentó que, se desea recolectar el material genético de la señora Cueto González con tal de poder radicar cargos nuevos por el asesinato de una persona. Igualmente, la orden de registro y allanamiento versa sobre descubrir evidencia relacionada al delito de desacato. Añadió que, la orden de registro y allanamiento tiene una presunción de validez. Por otro lado, durante la vista la señora Cueto González solicitó que la parte recurrida le hiciera entrega del material obtenido en su teléfono. No obstante, el Ministerio Público rechazó entregar dicha información puesto que no estaba relacionado con el descubrimiento de prueba sobre el delito de desacato. Evaluada ambas posturas, el TPI denegó la solicitud de la peticionaria.

Tiempo después, el 14 de abril de 2026, el foro primario nuevamente emitió una *Minuta Resolución enmendada* en aras de modificar el título.[6]

Inconforme, el 13 de mayo de 2026, la peticionaria presentó ante nos una *Petición de Certiorari* en la que coligó los siguientes errores:

> Primer error: Erró grave y manifiestamente el Tribunal de Instancia al denegar el descubrimiento de prueba relacionada a la legalidad de la orden expedida por concluir que no es pertinente en el caso de autos debido a la presunción de corrección que goza la orden expedida. Esto en violación al debido proceso de ley protegido en el Artículo II Sección 7 de la Constitución de Puerto Rico y Enmienda IV de la Constitución de Estados Unidos.
>
> Segundo error: Erró el Tribunal de Primera Instancia al relevar al Ministerio Público de probar todos los elementos del delito, específicamente la legalidad de la orden expedida

---

[5] *Íd.*, Anejo VI.
[6] *Íd.*, Anejo I.

al concluir que se presume válida y denegar el descubrimiento de prueba pertinente a la legalidad de la misma, violentando el debido proceso de ley.

Tercer error: Erró el Tribunal de Primera Instancia al denegar el acceso a la evidencia relacionada a la falsedad de testimonios y materia de impugnación de los testigos en manos del Estado, en violación al un juicio justo e imparcial que emana del debido proceso de ley en nuestro ordenamiento jurídico.

Cuarto error: Erró el Tribunal de Primera Instancia al denegar la solicitud de regrabaciones de la vista donde se solicitó la orden de registro y allanamiento en contra de la peticionaria-Valery Cueto González en violación al debido proceso de ley y a tener una representación legal adecuada.

En cumplimiento con nuestra *Resolución*, el 26 de mayo de 2026, el Ministerio Público radicó una *Solicitud de desestimación* en la que argumentó que, este Tribunal de Apelaciones debe desestimar el auto de *certiorari* solicitado en virtud de que la peticionaria presentó un apéndice incompleto. Ello, toda vez que, no anejó ciertos documentos a los que hace referencia en la *Petición de certiorari*.

Esta Curia resuelve que, dentro de la discreción reglamentaria que ostentamos, no desestimaremos el recurso ante nos.[7]

Con el beneficio de la comparecencia de las partes, procederemos a atender el recurso ante nos.

**II.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004-1005 (2021); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728

---

[7] Véase Regla 83 (B)(3) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR __ (2025).

(2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc, supra; Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla ___ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, 216 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al.,*

*supra*; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty, supra,* pág. 97. Ahora bien, este Tribunal de Apelaciones puede expedir el auto de certiorari cuando "se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos que revistan interés público o cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Rivera et al. v. Arcos Dorados et al., supra,* pág. 195.

**B.**

La Regla 95 de Procedimiento Criminal, 34 LPRA, Ap. II, R.95, establece que,

> (a) El acusado presentará moción al amparo de esta Regla dentro en un término de cumplimiento estricto de veinte (20)

días contados a partir de: i) la celebración del acto de lectura de acusación en los casos que se impute la comisión de un delito grave; o ii) la primera comparecencia del acusado al proceso asistido por el abogado que habrá de representarlo en el juicio, en los casos en que se impute la comisión de un delito menos grave. En el caso que la persona acusada manifieste que se representará por derecho propio, el tribunal deberá advertirle desde cuándo comienza a discurrir el término establecido en esta Regla, así como las consecuencias de su incumplimiento:

(1) Cualquier declaración jurada que el Ministerio Fiscal tenga del acusado.

(2) Cualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa probable para el arresto o citación, en la vista preliminar, en el juicio o que fueron renunciados por el Ministerio Fiscal y los récords de convicciones criminales previas de éstos.

(3) Cualquier resultado o informe de exámenes físicos o mentales y de experimentos o pruebas científicas que sea relevante para preparar adecuadamente la defensa del acusado o que vaya a ser utilizado en el juicio por el Ministerio Fiscal.

(4) Cualquier libro, papel, documento, fotografía, objeto tangible, estructura o lugar que sea relevante para preparar adecuadamente la defensa del acusado, que el Ministerio Fiscal se propone utilizar en el juicio o que fue obtenido del acusado o perteneciera al acusado.

(5) El récord de convicciones criminales previas del acusado.

(6) Cualquier informe preparado por agentes de la Policía en relación con las causas seguidas contra el acusado que sea relevante para preparar adecuadamente la defensa del acusado.

El descubrimiento de esta prueba estará sujeto a las siguientes condiciones:

(A) Que los objetos, libros, documentos y papeles que el acusado interesa examinar se relacionan o describen con suficiente especificación;

(B) que no afecte la seguridad del Estado ni las labores investigativas de sus agentes policiacos, y

(C) la correspondiente moción del acusado sea presentada con suficiente antelación a la fecha señalada para la celebración del juicio, de manera que no haya innecesarias dilaciones en los procedimientos ni se produzcan molestias indebidas a los funcionarios del Estado.

(b) El Ministerio Fiscal revelará toda aquella evidencia exculpatoria del acusado que tenga en su poder.

(c) La defensa deberá incluir, junto con la solicitud de Descubrimiento de Prueba, las órdenes necesarias para solicitar el material o la información que prevee que el Ministerio Público no tendrá bajo su custodia, dirigidas a las personas o entidades que la poseen, custodian o controlan. El Ministerio Público deberá entregar la información y/o material solicitado que tenga bajo su custodia o control e informar al tribunal si existe algún material o información que le fue solicitada, pero que no se encuentra bajo su posesión, custodia o control, en cuyo caso el tribunal ordenará a la persona o entidad que la posea, custodie o controle, que la ponga a la disposición del acusado. (d) No estarán sujetos a descubrimiento o inspección de la defensa los escritos de investigación legal, informes, memorandos, correspondencia u otros documentos internos que contengan opiniones, teorías o conclusiones del Ministerio Fiscal. (e) Toda información y/o material que se pretenda solicitar y no esté enumerado en esta Regla, deberá venir acompañado de una explicación sobre la necesidad o pertinencia que tiene el mismo para la defensa del acusado.

Como parte del debido proceso de ley, nuestro sistema judicial reconoce el derecho de toda persona a defenderse de una acusación criminal en su contra y a obtener a través del descubrimiento de prueba, evidencia que le resulte en su favor. *Pueblo v. Sanders Cordero*, 199 PR 827, 837 (2018). El requerimiento de descubrimiento de prueba no es absoluto y es regido por las Reglas de Procedimiento Criminal, *supra*. El Tribunal Supremo ha sido enfático en que la solicitud de descubrimiento de prueba que realice el acusado no debe tomarse de forma liviana ni abre las puertas a que se le otorgue al acusado cualquier tipo de material o información. *Pueblo v. Custodio Colón*, 192 DPR 567, 587 (2015). El descubrimiento de prueba a favor del acusado le permite al acusado inspeccionar, copiar o fotografía solicitada. Regla 95 de Procedimiento Criminal, *supra*, R. 95. La prueba documental o evidencia demostrativa, tanto real como ilustrativa, la Regla 95 establece que el descubrimiento se realizará cuando esté presente alguna de las circunstancias siguientes: (1) que la evidencia fue obtenida del acusado o le pertenecía, (2) que el Ministerio Público se propone utilizarla en el juicio, o (3) que es relevante para preparar adecuadamente la defensa del acusado. *Pueblo v. Sanders Cordero*, *supra*, págs. 838-839. La citada regla estatuye que, hay la posibilidad de que las partes soliciten ordenes protectoras que limiten, restrinjan o condicionen el descubrimiento de prueba. Regla 95 de Procedimiento Criminal, *supra*, R. 95; *Pueblo v. Sanders Cordero*, *supra*, pág. 840.

### III.

En el caso de autos, la peticionaria argumentó que, el foro primario erró en denegar la entrega de la información solicitada por esta y, por tanto, le violentara el debido proceso de ley. Asimismo, alegó que, el TPI debió hacerle entrega de los documentos solicitados debido a que le afectó su derecho a un juicio justo e imparcial.

Tras un análisis de la totalidad del expediente y en correcta práctica apelativa resolvemos que no procede la expedición del auto de *certiorari* solicitado. Ello, en virtud de que no se configuraron los requisitos que establece la Regla 40 de nuestro Reglamento, *supra*, y la Regla 52.1 de Procedimiento Civil, que nos facultan expedir el auto de *certiorari*. Igualmente, el TPI cumplió con la normativa relacionada al descubrimiento de prueba al amparo de la Regla 95 de Procedimiento Criminal, *supra*, con respecto al delito de desacato.

**IV.**

Por los fundamentos que anteceden, denegamos el auto de *certiorari*.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones